[No. 33030. Department One. February 18, 1955.]

ALFRED ANDERSEN, *Respondent*, v. VIRGIL ANDERSON, *Appellant*.[1]

*G. Kent Burson*, for appellant.

*Virgil Scheiber*, for respondent.

HAMLEY, C. J.—Was the assignee of a certain claim, given to secure or effect payment of an indebtedness, authorized to settle the claim for less than the full amount, and if so, did he exercise the utmost good faith in doing so? These are the only substantial questions presented on this appeal. The trial court found that the settlement of the claim was proper, and entered judgment for plaintiff. Defendant appeals.

The cause of action arose in this way: Appellant and respondent were painting contractors, and had dealings with each other in connection with two Idaho jobs. Upon the completion of this work, a tentative accounting was had between them. Pursuant to this accounting, it was agreed that fifty-five hundred dollars was due respondent from appellant, subject to a possible downward adjustment. To secure or effect payment of this sum, two documents were executed on October 20, 1950, whereby appellant's claim against Columbia Construction Co., Inc., (Columbia) in the amount of $5,274.20, was assigned to respondent, with power to sue for, collect, and release the claim.

On November 2, 1950, appellant executed and delivered to respondent his promissory note in the sum of fifty-five hundred dollars. This note was made payable one hundred dollars per month, plus a lump sum payment "from all money received from Columbia Construction Co., Inc., of Idaho, on the Twin Falls Project." About November 30, 1950, respondent, without notice to appellant, settled the Columbia claim for $3,270.78, and applied that sum toward payment of the fifty-five-hundred-dollar note. Early in December, 1950, respondent billed appellant for the asserted balance due on the note, in the sum of $2,608.48. This statement indicated the amount of the settlement with Columbia.

Appellant made no immediate objection to this statement, nor did he do so after consulting his attorney some time later. A similar statement was sent to appellant at the first of each succeeding month, and still no objection was forthcoming. Respondent testified that he saw appellant in person on two occasions in the spring of 1951, and that on neither occasion did appellant raise any question concerning this matter. Respondent also testified that, in July, 1951, appellant stated that he would pay the balance called for in the statement in ninety days. Appellant denied having made such a promise.

On June 30, 1952, respondent began this action to recover the alleged balance due on the promissory note. Appellant answered and, for the first

[1]Reported in 280 P. (2d) 252.

time, took the position that respondent was without authority to settle the Columbia claim for less than the full amount. The answer put in issue certain other items involved in arriving at the balance for which suit was brought. None of these items is involved on this appeal. However, one of them, in the sum of $34.84, which the trial court intended to credit to appellant in computing the judgment, was inadvertently omitted, as respondent concedes.

Our study of the two documents of assignment, considered in connection with all of the circumstances of the case leads us to agree with the trial court that respondent had authority to settle the Columbia claim for less than the full amount, if he did so in the exercise of utmost good faith.

The trial court held that appellant had not sustained his burden of proof in showing that respondent in any way acted in bad faith in failing to collect the full amount. Our examination of the testimony and exhibits confirms this view. In reaching this conclusion, we have given consideration to the items which respondent permitted Columbia to deduct from the claim. We have also taken into account the vagueness of appellant's testimony and the incompleteness of his records regarding these items, and the fact that appellant did not challenge respondent's settlement with Columbia for a year and a half.

Appellant questions the allowance of attorney's fees in the sum of five hundred dollars but only on the ground that appellant was not obligated to respondent in any sum on the note. This having been determined adversely to appellant, the allowance of the attorney's fees must be deemed proper.

The judgment is modified by reducing the amount thereof in the sum of $34.84. The judgment, as modified, is affirmed. Respondent will recover his costs on this appeal.

SCHWELLENBACH, DONWORTH, FINLEY, and WEAVER, JJ., concur.